**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SANDOR DEMKOVICH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-cv-11576 |
| | ) | Hon. Edmond E. Chang |
| ST. ANDREW THE APOSTLE PARISH, | ) | |
| CALUMET CITY, and THE | ) | |
| ARCHDIOCESE OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR CERTIFICATION OF**
**INTERLOCUTORY APPEAL UNDER 28 U.S.C. §1292(b)**

Defendants, St. Andrew the Apostle Parish, Calumet City (the "Parish"), and the Archdiocese of Chicago (the "Archdiocese") (collectively "Defendants"), by and through their attorneys, move for certification of interlocutory appeal pursuant to 28 U.S.C. §1292(b) ("Section 1292(b)"), and in support state as follows:

**INTRODUCTION**

Defendants seek to certify for interlocutory appeal the question whether a minister's hostile work environment discrimination claim, arising out of federal employment statutes, is barred as a matter of law by the ministerial exception. This question satisfies the four requirements for interlocutory appeal pursuant to Section 1292(b): (1) it involves a pure question of law; (2) the question is controlling upon the outcome of this litigation; (3) the question is contestable, including that other circuits have reached different opinions as to this question, and it would be a question of first impression for the Seventh Circuit; and (4) resolution of the question has the potential to expedite the litigation.

## PROCEDURAL HISTORY OF DEFENDANTS' MOTION

Plaintiff was the "Music Director, Choir Director, and Organist" at a parish of the Archdiocese of Chicago. Following his termination, on December 22, 2016, Plaintiff filed a complaint alleging employment discrimination based on, among other claims, (1) sex, sexual orientation, and marital status under Title VII, 42 U.S.C. § 2000e et seq., and (2) disability under the Americans with Disabilities Act, 42 U.S.C. § 12112 et seq. [Dkt. 1, Compl., ¶ 1]. On September 29, 2017, this Court dismissed Plaintiff's complaint in its entirety, finding that he "was a minister for the purposes of the ministerial exception." [Dkt. 15, p. 7].

Given leave to amend, Plaintiff conceded both that he was a minister and that his federal employment discrimination claims arising from his termination were barred under *Hosanna-Tabor Evangelical Lutheran Church and School v. EEOC et al.,* 565 U.S. 171 (2012), but attempted to plead around the ministerial exception by re-packaging his claims to allege that the same conduct constituted an actionable "hostile work environment" -- *i.e.*, a form of discrimination based on sex or disability -- which, in Plaintiff's view, was independently actionable and not subject to the ministerial exception. [Dkt. 16].

On November 27, 2017, Defendants again moved to dismiss based on the ministerial exception and the First Amendment. On September 30, 2018, this Court granted Defendants' motion as to Plaintiff's sex, sexual orientation, and marital status hostile work environment claims, but denied dismissal of Plaintiff's disability discrimination hostile work environment claim, finding that the ministerial exception did not apply primarily because the Archdiocese offered no religious justification for the alleged discrimination. [Dkt. 36].

On October 25, 2018, Appellants moved to reconsider and to stay answering the remaining claim pending reconsideration. [Dkt. 38, 40]. On October 29, 2018, this Court denied the motion to stay [Dkt. 43], and at the January 23, 2019 status orally indicated that the parties

2

should expect that he would be denying the motion to reconsider (but was not yet ready to formally rule), and ordered the parties to commence discovery. [Dkt. 54].

Defendants filed a notice of appeal pursuant to the collateral order doctrine on March 6, 2019 [Dkt. 55]. Defendants further moved to stay this litigation pending appeal. [Dkt. 56]. On March 12, 2019, the issue of Section 1292(b) appeal was raised in open court, and the Court instructed the parties to confer on whether there was agreement to "certif[y] respective legal questions." [Dkt. 62]. On March 19, Plaintiff's counsel indicated Plaintiff did not agree to certification. At the March 20, 2019 status, counsel raised whether the Court would entertain a Section 1292(b) motion without party agreement (or if it intended to outright deny such motion). At that time, the Court indicated it would be ruling upon the motion to reconsider and provided Defendants a deadline by which to file their Section 1292(b) motion. [Dkt. 63].

## QUESTION TO BE CERTIFIED

Defendants respectfully request that the Court certify for appeal, pursuant to Section 1292(b), the following question: "whether a minister's hostile work environment discrimination claim, arising out of federal employment statutes, is barred as a matter of law by the ministerial exception?" As discussed below, this question presents an issue for interlocutory review that meets all four of the Section 1292(b) criteria.

## ARGUMENT

### I.     Applicable Legal Standard

Section 1292(b) provides for an interlocutory appeal if the underlying order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and if "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b). Four criteria must be satisfied: (1) there must be a question of law; (2) the question must be controlling; (3) the question must be contestable; and (4) the

3

resolution of the question must have the potential to speed up the litigation. *Ahrenholz v. Board of Trs. of Univ. of Ill.,* 219 F.3d 674, 675-76 (7th Cir. 2000) (granting interlocutory appeal).

Interlocutory appeals serve a number of important purposes: they "avoid injustice by quickly correcting a trial court's error," and "simplify, or more appropriately direct, the future course of litigation[,] . . . thereby reduc[ing] the burdens of future proceedings, [and] perhaps freeing a party from those burdens entirely." *Johnson v. Jones*, 515 U.S. 304, 309-10 (1995). Accordingly, when the requirements of Section 1292(b) are satisfied, it is "the duty of the district court . . . to allow an immediate appeal." *Ahrenholz*, 219 F.3d at 677.

## II. All Four Criteria For Interlocutory Certification Are Present.

First, the issue of whether Plaintiff's claim falls within the ambit of the ministerial exception is a question of law. *See, Alicea-Hernandez v. Archdiocese of Chicago*, 01 C 8374, 2002 WL 598517, *4 (N.D. Ill. Apr. 18, 2002) (*aff'd* 320 F.3d 698 (7th Cir. 2003)) ("applicability of the ministerial exception is a question of law for the court").

Second, the question is controlling. The Seventh Circuit defines a "controlling question of law" as an issue "the court of appeals could decide quickly and cleanly without having to study the record... ." *Ahrenholz*, 219 F.3d at 676-77. It is a question where "its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. v. Tushie-Montgomery Assoc.* 86 F.3d 656, 659 (7th Cir. 1996) (granting interlocutory appeal). Here, whether Plaintiff's disability discrimination claim is barred by the ministerial exception may be decided without regard to the record, and if ruled in Defendants' favor, would resolve this litigation.

Third, the question is contestable. A movant demonstrates that there is substantial ground for difference of opinion by satisfying one of the following tests: (1) the issue is one of first

impression (*Drnek v. City of Chicago*, 205 F. Supp. 2d 894, 900 (N.D. Ill. 2002) (holding that an issue was contestable for purposes of § 1292(b) because it was a question of first impression); (2) the issue is one on which other courts disagree (*In re Brand Name Prescription Drugs Antitrust Litig.*, 1998 WL 808992, at *5 (N.D. Ill., Nov. 17, 1998)); or (3) there is a central question of law that is not settled by "controlling authority," and there is a "substantial likelihood" that the district court's order will be reversed on appeal. *Id.* Here, the Tenth Circuit held in *Skrzypczak v. Roman Cath. Diocese of Tulsa*, 611 F.3d 1238 (10th Cir. 2010) that a hostile environment claim was barred by the ministerial exception as a matter of law. Conversely, the earlier Ninth Circuit's decisions in *Bollard v. Cal. Province of The Society of Jesus*, 196 F.3d 940 (9th Cir. 1999) and *Elvig v. Calvin Presby. Church*, 375 F.3d 951 (9th Cir. 2004) held that the exception did not apply to that claim, even where the plaintiff was a ministerial employee. Absent a Seventh Circuit decision directly on point, this Court followed the Ninth Circuit. Thus, there is a disagreement among circuits, and the Seventh Circuit has not yet ruled on this issue, making it a case of first impression.

Fourth, the resolution of the question has the potential to speed up the litigation. A Section 1292(b) appeal materially advances the completion of the litigation "if its disposition is conclusive on the contested issue." *Neal v. Honeywell, Inc.*, 191 F.3d 827, 830 (7th Cir. 1999). Here, resolution of the proposed certified question would be conclusive in that, if Defendants are correct, the ministerial exception serves as an absolute bar to Plaintiff's claim.

### III.   This Motion Is Timely

When Defendants were faced with a direct order to proceed with discovery (which they contend was a violation of their First Amendment rights), Defendants began analyzing their potential avenues for interlocutory appeal. Among the relevant factors were: (1) the timing and discretionary nature of appeal under 28 U.S.C. §1292(b), including the effect of any denial of

such appeal, in the Appellate Court's discretion, upon this Court's order to commence discovery; (2) whether a Section 1292(b) motion was appropriate while a reconsideration motion was still pending; and (3) the applicability of the collateral order doctrine where a court had not yet formally ruled upon a pending motion to reconsider but had ordered the commencement of discovery.

After (1) counsel had the opportunity to consult with Defendants and reach conclusions about the best approach; (2) still not having received a ruling on the motion to reconsider; and (3) receiving requests from Plaintiff's counsel relating to scheduling discovery in early March, Defendants filed a notice of appeal pursuant to the collateral order doctrine on March 6, 2019 [Dkt. 55], just over a month after the Court's pronouncement that the parties should "expect" denial of the reconsideration motion.  Defendants further moved to stay this litigation pending appeal.  [Dkt. 56].  On March 12, 2019, the issue of Section 1292(b) appeal was raised in open court, and the Court instructed the parties to confer on whether there was agreement to "certif[y] respective legal questions."  [Dkt. 62].  On March 19, Plaintiff's counsel indicated Plaintiff did not agree to certification.  At the March 20, 2019 status, counsel raised whether the Court would entertain a Section 1292(b) motion without party agreement (or if it intended to outright deny such motion).  At that time, the Court indicated it would be ruling upon the motion to reconsider and provided Defendants a deadline by which to file their Section 1292(b) motion.  [Dkt. 63]. Defendants acted reasonably to seek the most expeditious route to interlocutory appeal once the Court's discovery order was entered.  Unlike collateral order review, which was justified by the discovery order alone, Defendants had serious doubts that a Section 1292(b) certification was proper before the Court entered an order disposing of the pending motion to reconsider.  Based upon the Court's comments in open court and the fact that the Court has now set a deadline, Defendants respectfully submit this motion.

## CONCLUSION

Defendants proposed certified question satisfies all four requirements for Section 1292(b) interlocutory appeal.  Accordingly, this Court should certify the proposed question.

WHEREFORE, Defendants, St. Andrew the Apostle Parish, Calumet City, and the Archdiocese of Chicago, respectfully request that this Court certify the question "whether a minister's hostile work environment discrimination claim, arising out of federal employment statutes, is barred as a matter of law by the ministerial exception?" for interlocutory appeal, and provide such other and further relief as this Court deems just.

Respectfully submitted,
St. Andrew the Apostle Parish, Calumet City, and the Archdiocese of Chicago

By:___ /s/ Alexander D. Marks_____
        One of their attorneys

James C. Geoly (jgeoly@burkelaw.com)
Alexander D. Marks (amarks@burkelaw.com)
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 21st Floor
Chicago, Illinois 60611
Telephone:     (312) 840-7000
Facsimile:     (312) 840-7900

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on March 22, 2019, a true and correct copy of Defendants' Motion to Certify Question for Interlocutory Appeal was filed electronically using the Court's Electronic Case Filing System. A Notice of Electronic Filing will be sent by electronic mail to Plaintiff's counsel of record by operation of the Court's Electronic Filing System.

By: /s/ Alexander D. Marks

4849-2882-9070